## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| MARLON PEEK, | : |
| | : |
| Petitioner, | : |
| v. | : |
| | : |
| UNITED STATES OF AMERICA, et al., | : |
| | : |
| Respondent. | : |

Civ. No. 24-707 (RK)

**MEMORANDUM & ORDER**

---

Petitioner, Marlon Peek ("Petitioner" or "Peek"), is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Petitioner has applied to proceed *in forma pauperis* in this action. *See* ECF No. 3. Petitioner's *in forma pauperis* application will be granted.

Petitioner pled guilty to robbery and firearms offenses in New Jersey state court in 2018 and received a thirteen-year sentence. *See* ECF No. 1 at 1. Petitioner did not file a direct appeal claiming that he suffered from mental illness at that time. *See id.* at 5. On or about July 1, 2020, Petitioner filed a post-conviction relief ("PCR") petition in state court. *See id.* at 13-14. Petitioner claims that his PCR petition has not been adjudicated in a timely manner. *See id.*

Petitioner's habeas petition raises two claims. First, Petitioner argues counsel was ineffective by failing to have Petitioner undergo a psychiatric evaluation so that he could have possibly raised an insanity defense. *See* ECF No. 1 at 5. Second, Petitioner asserts that counsel was ineffective by failing to assert or argue mitigating factors at sentencing. *See* ECF No. 1 at 7.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the Court has screened Petitioner's habeas petition for possible summary dismissal. The Court will presently order Respondents to file a limited answer on the issue of exhaustion for the reasons that follow.

A federal court may not grant a writ of habeas corpus under § 2254 unless the petitioner has "exhausted the remedies available in the court of the State." 28 U.S.C. § 2254(b)(1)(A). To do so, a petitioner must "fairly present all federal claims to the highest state court before bringing them in a federal court." *Leyva v. Williams*, 504 F.3d 357, 365 (3d Cir. 2007).

Petitioner admits that he has not exhausted his state court remedies. *See* ECF No. 1 at 13-14. However, he claims that exhaustion should be excused because it has taken him over three-and-one-half years to exhaust his claims in state court through his PCR petition. *See* ECF No. 1 at 13-14. Thus, Petitioner asserts that his state court remedies have been effectively rendered unavailable.

Considering Petitioner's assertions, the Court will order Respondents to file a limited response on the issue of exhaustion and whether Petitioner's admitted lack of exhaustion should be excused. *See, e.g.*, *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002) (discussing cases where inordinate delay in state collateral proceedings effectively render state court remedies unavailable to excuse a lack of exhaustion). The Court is mindful that Petitioner's PCR petition was filed during the height of the COVID-19 pandemic in July 2020. Nevertheless, the Court lacks a relevant record of what has transpired with respect to Petitioner's PCR petition in state court since July 2020. Given this record, or, more appropriately, lack thereof regarding those proceedings, a limited response from Respondents on the exhaustion issue is warranted.

Therefore, IT IS on this  15  day of March, 2024,

ORDERED that Petitioner's application to proceed *in forma pauperis*, ECF No. 3, is granted; and it is further

ORDERED that the Clerk shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety,

Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

ORDERED that also in accordance with the Memorandum of Understanding, if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of entry of this Order; and it is further

ORDERED that Respondents shall file and serve a limited response to Petitioner's habeas petition addressing the issue of Petitioner's lack of exhaustion of state court remedies and whether this lack of exhaustion should be excused within forty-five (45) days of the date of entry of this Order; and it is further

ORDERED that Respondents' limited response shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings related to the exhaustion issue, including any pro se filings; and it is further

ORDERED that Respondents' limited response shall contain an index of exhibits identifying each document from the relevant proceedings that is filed with the limited response; and it is further

ORDERED that Respondents shall electronically file as well as serve on Petitioner the limited response, the exhibits, and the list of exhibits; and it is further

ORDERED that all exhibits to the limited response must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

ORDERED that Petitioner may file and serve a reply to Respondents' limited response within forty-five (45) days after Respondents file their limited response, *see* Habeas Rule 5(e); it is further

ORDERED that within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk; and it is further

ORDERED that the Clerk shall serve this memorandum and order on Petitioner by regular U.S. mail.


_____
ROBERT KIRSCH
United States District Judge