UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Civil Action No. 24-707 (RK) |
| v. | MEMORANDUM OPINION |
| MALIK UHURU MUGABE | |

This matter comes before the Court on Petitioner Malik Uhuru Mugabe's[1] ("Petitioner") Petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a motion to compel judgment on that Petition, and a motion for bail pending a decision on the Petition. (*See* ECF Nos. 1, 19–20.) For the reasons explained in this Memorandum Opinion, the Court grants the motion to compel judgment to the extent Petitioner seeks a ruling on whether exhaustion is excused but finds that the Petition is unexhausted and exhaustion is not excused. Therefore, the Court dismisses the Petition without prejudice as unexhausted, administratively terminates this case, and permits Petitioner to file a motion to reopen and stay the Petition within 30 days if he can meet the requirements under *Rhines v. Weber*, 544 U.S. 269 (2005). The Court also denies the motion for bail.

Petitioner executed his Petition on February 1, 2024, and it was docketed on February 6, 2024. (ECF No. 1 at 17.) The Petition challenges an August 2018 judgment of conviction and raises two grounds for relief based on ineffective assistance of counsel, which Petitioner raised in

---

[1] Petitioner was convicted under the name Marlon Peek.

a state-court petition for postconviction relief ("PCR"). In the Petition, Petitioner states that that his PCR appeal is still pending in the Appellate Division. (*See* Petition at 6–8.)

On May 21, 2024, the Court denied Petitioner's motion to "proceed on the merits" of his Petition and directed Respondents to file a limited answer addressing exhaustion. (ECF No. 9.) After receiving several extensions, Respondents filed their Limited Answer on July 12, 2024, and argue that the Petition should be dismissed without prejudice as unexhausted. (ECF No. 16.) Petitioner filed a reply brief, arguing that the "inordinate delay" in resolving his PCR petition justifies excusing the exhaustion requirement. (*See* ECF No. 18.)

Petitioner subsequently filed a motion to compel judgment on his Petition and a motion for bail pending a decision on the Petition. (*See* ECF Nos. 19–20.)

Generally, a District Court may not entertain a § 2254 petition unless the applicant has exhausted all available state remedies. *See* § 2254(b)(1)(A). Exhaustion may be excused if state remedies are absent or too ineffective to protect the applicant's rights. *See* § 2254(b)(1)(B). The exhaustion requirement exists as a matter of comity. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982). However, that principle "weighs less heavily [when] the state has had an ample opportunity to pass upon the matter and has failed to sufficiently explain its . . . delay." *Hankins v. Fulcomer*, 941 F.2d 246, 250 (3d Cir. 1991). Whether a delay is sufficiently "inordinate" to excuse exhaustion depends on the conduct of the appellant, interference by the state in the timely disposition of the matter, the progress made in state court, and the length of the delay. *See Lee v. Stickman*, 357 F.3d 338, 341–44 (3d Cir. 2004).

The record provided by Respondents shows that on August 17, 2018, Petitioner was sentenced to 13-years imprisonment on the state charges, with 85% to be served without parole. (ECF No. 16 at 9.) This sentence was to run concurrent with any sentence he received on

pending federal charges. (*Id.*) On August 17, 2018, Petitioner was sentenced to 17-years imprisonment on the federal charges and is currently in federal custody. (*See* Crim No. 15-609, ECF Nos. 83–84.) Petitioner contends that he filed his PCR petition in state court on or about July 20, 2020, during the early months of the COVID-19 pandemic. (*See* ECF No. 18 at 2.) The PCR court denied Petitioner's PCR petition without an evidentiary hearing on June 2, 2023 (ECF No. 16 at 14), and he filed a notice of appeal on or about July 23, 2023. (*Id.* at 27.) At the time Petitioner filed his § 2254 Petition on February 6, 2024, his PCR appeal had been pending in the Appellate Division for less than six months.

The Court first considers the PCR's court's delay in resolving Petitioner's PCR and finds that Petitioner has not shown that this delay warrants relief. Petitioner states in a conclusory manner that his PCR petition was denied without an evidentiary hearing "after three years of delays" and compares his case to *Wojtczak v. Fulcomer*, 800 F.2d 353, 355 (3d Cir. 1986). There, the Third Circuit excused exhaustion after 33-month delay in adjudicating the underlying PCR petition, where multiple court-appointed attorneys failed to prosecute the petition, and the state court failed to conduct a hearing. Here, however, Petitioner filed his PCR petition in the early months of the COVID-19 pandemic, which may explain some of the delay. Although Petitioner appears to attribute the delay to appointed counsel's "disinterest," he provides no factual support for this claim. (*See* ECF No. 18 at 3.) Moreover, the PCR court denied his PCR petition prior to his filing of the instant Petition. Therefore Petitioner's situation is distinguishable from the petitioner's situation in *Wojtczak*.

Petitioner appealed the denial of his PCR petition on or about July 23, 2023, and filed the current Petition less than six months later on February 1, 2024, allegedly after "no meaningful response or action from the Public Defender's [O]ffice with respect to filing an appellate brief on

3

Petitioner's behalf." (*Id.* at 2.) When Respondents submitted their Limited Answer in July 2024, they stated that the PCR appeal was waiting for the Office of the Public Defender to assign counsel.[2] (*Id.* at 6.) Petitioner does not provide any updated information in his reply brief regarding the assignment of counsel. Neither party has updated the Court regarding the status of the appeal since the briefing concluded.

Assuming that Petitioner's PCR appeal has been pending for 22 months, the delay is still less egregious than the cases where the Third Circuit has excused exhaustion. *See Lee*, 357 F.3d at 341–44 (excusing exhaustion after 8-year delay caused by a string of administrative mistakes); *Moore v. Deputy Comm'r of SCI–Huntingdon*, 946 F.2d 236, 242–43 (3d Cir. 1991) (excusing exhaustion after state post-conviction petition lingered in state court for 40 months without any progress). In *Taylor v. New Jersey*, 372 F. App'x 250, 252 (3d Cir. 2010), the Third Circuit held that a 15-month delay in adjudicating a direct appeal was not so egregious to warrant excusing exhaustion. Like the delay in *Taylor*, the Court finds that the 22-month delay in resolving Petitioner's appeal, although not ideal, is not so egregious to excuse exhaustion.

For these reasons, the Court grants in part Petitioner's motion to compel judgment to the extent he asks the Court to determine whether exhaustion is excused. The Court finds, however, that the Petition is unexhausted and exhaustion is not excused. The Court otherwise denies Petitioner's motion to compel judgment on his Petition.

Federal district courts may not decide petitions that contain unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). Because the claims in the Petition are unexhausted and the delays Petitioner has experienced are not egregious enough to excuse exhaustion, the Court will

---

[2] According to Respondents, on June 19, 2024, Assistant Prosecutor Alyssa Biamonte spoke with Erika Bliszcz, the case manager assigned to Petitioner's appeal, and learned that the case was waiting for the Office of the Public Defender to assign counsel. (ECF No. 16 at 6.)

4

dismiss the Petition as unexhausted and direct the Clerk of the Court to administratively terminate this case.

Notably, Petitioner has not sought a stay of his Petition until he exhausts stay court remedies. Under limited circumstances, the United States Supreme Court has held that "it is appropriate to stay and abey the federal habeas proceedings while the petitioner exhausts his unexhausted claims in state courts." *Rhines*, 544 U.S. at 277–78. A stay and abeyance may be appropriate when a dismissal without prejudice would cause Petitioner to run afoul of the habeas statute of limitations and lose his opportunity to seek federal habeas review.[3] *See id.* at 275-76. The Third Circuit has held that a stay is also available where, as here, the Petition is fully unexhausted. *See Heleva v. Brooks*, 581 F.3d 187, 191 (3d Cir. 2009); *see also Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016); *Doe v. Jones*, 762 F.3d 1174, 1174 (10th Cir. 2014); *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006). In light of his pro se status, Petitioner may file a motion to reopen and stay the Petition within 30 days. To warrant a stay, Petitioner must satisfy the three requirements set forth in *Rhines*: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics. *See Heleva*, 581 F.3d at 192 (applying the *Rhines* standard to fully unexhausted petition).

Finally, the Court also denies Petitioner's motion for bail. Petitioner contends without explanation that his ineffective assistance of counsel claims have "a high probability of success" and that he has established a prima facie case of ineffective assistance of counsel, warranting an evidentiary hearing. (ECF No. 20 at 3.) Petitioner further contends that he has several health

---

[3] The Court does not decide whether the Petition is timely but notes that Petitioner contends that he could not file a direct appeal or a petition for postconviction relief due to mental illness. If Petitioner files a motion to reopen and stay the Petition, he should address whether he is entitled to equitable tolling of the AEDPA limitations period for any relevant periods of mental illness.

5

conditions, including severe gastrointestinal issues, diabetes, high blood pressure, a weak immune system, high cholesterol, and major back surgery. Petitioner also claims that the Bureau of Prisons has failed to provide him with required health care and his medical records. (*Id.* at 3.)

District courts have discretion to order bail pending the outcome of habeas proceedings. *See United States v. Smith* 1048, 1050 (3d Cir. 1987). Bail may be appropriate when a petitioner raises "substantial constitutional claims upon which he has a high probability of success, and . . . when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *United States v. Santiago*, No. 19-1572, 2019 WL 11891950, at *1 (3d Cir. Aug. 1, 2019) (quoting *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (citation omitted)). "Very few cases have presented [such] extraordinary circumstances," however, and those cases have been limited to situations involving severe health problems or the impending completion of the prisoner's sentence. *Id.*; *see also Lucas v. Hadden*, 790 F.2d 365, 367 (3d Cir. 1986).

Here, bail is not appropriate because Petitioner is currently in federal custody serving a 17-year federal sentence, and he must continue serving that federal sentence regardless of the outcome of the current Petition.[4] Moreover, the Court has determined that the claims in the Petition are unexhausted and exhaustion is not excused, and Petitioner fails to provide any support for his claim that his ineffective assistance claims have a high probability of success or

---

[4] Petitioner also challenged his federal conviction and sentence, and the District Court denied his § 2255 motion on December 23, 2024, finding that aggravated attempted bank robbery is still a valid predicate for a conviction under 18 U.S.C. § 924(c), and granting a certificate of appealability. (Civ. No. 20-9747, ECF Nos. 72-73.) On April 21, 2025, the Third Circuit held that aggravated attempted bank robbery is still a valid predicate under § 924(c). *See United States v. Vines*, 134 F.4th 730, 739 (3d Cir. 2025) ("No matter how you slice it, attempted armed bank robbery under § 2113(d) predicated on § 2113(a)'s robbery clause is a crime of violence under § 924(c)(3)(A).").

6

that he has severe health problems.[5] For these reasons, the Court also denies Petitioner's bail motion.

In conclusion, the Court grants in part the motion to compel judgment and finds that the Petition is unexhausted and exhaustion is not excused. The Court otherwise denies Petitioner's motion to compel judgment. The Court dismisses the Petition without prejudice as unexhausted and directs the Clerk to administratively terminate the case to provide Petitioner with an opportunity to seek a stay. Petitioner may file a motion to reopen and stay the Petition within 30 days if he can meet the *Rhines* standard. The Court also denies the motion for bail. An appropriate Order follows.

ROBERT KIRSCH
United States District Judge

---

[5] To the extent prison officials at Fort Dix are denying Petitioner needed medical treatment, his recourse is to file an appropriate civil action after exhausting his administrative remedies.