# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **MALIK UHURU MUGABE, AKA MARLON PEEK** | **Civil Action No. 24-707 (RK)** |
| **v.** | **MEMORANDUM OPINION** |
| **UNITED STATES OF AMERICA, et al.,** |  |

This matter comes before the Court on Petitioner Malik Uhuru Mugabe's[1] ("Petitioner") original Petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 and an Amended Petition, which he submitted for filing on November 12, 2025. (ECF Nos. 1, 29). Also currently pending are his motion to reopen and stay the Petition (ECF No. 24), a motion to compel judgment on his motion to reopen the Petition (ECF No. 27), a motion for discovery (ECF No. 28), and a motion for an order to show cause as to why his Amended Petition should not be granted. (ECF No. 30.) In addition, Petitioner has filed a motion to compel Respondents to refer to him by his legal religious name. (ECF No. 26.)

According to the available record, Petitioner was sentenced in state court on August 17, 2018, to 13-years imprisonment with 85% to be served without parole. (ECF No. 16 at 9.) This sentence was to run concurrent to any sentence he received on then-pending federal charges. (*Id.*) On August 17, 2018, Petitioner was sentenced to 17-years imprisonment on federal charges and is currently in federal custody. (*See* Crim No. 15-609, ECF Nos. 83-84.) Petitioner contends that he filed his state-court petition for postconviction relief ("PCR") on or about July 20, 2020,

---

[1] Petitioner was convicted under the name Marlon Peek.

during the early months of the COVID-19 pandemic. (*See* ECF No. 18 at 2.) The PCR court denied Petitioner's PCR petition without an evidentiary hearing on June 2, 2023 (ECF No. 16 at 14), and he filed a notice of appeal on or about July 23, 2023. (*Id.* at 27.)

Petitioner submitted his original § 2254 Petition on February 1, 2024, and it was docketed on February 6, 2024, while his PCR appeal was still pending before the Appellate Division. Petitioner's Original Petition was essentially a protective petition that raised two grounds for relief based on ineffective assistance of counsel; Petitioner conceded, however, that the Petition was unexhausted. (*See* ECF No. 1, Petition at 6-8.)

On May 21, 2024, the Court denied Petitioner's motion to "proceed on the merits" of the Petition and directed Respondents to file a limited answer addressing exhaustion. (ECF No. 9.) After receiving several extensions, Respondents filed their limited answer on July 12, 2024, and argued that the Petition should be dismissed without prejudice as unexhausted. (ECF No. 16.) Petitioner filed a reply brief, arguing that the "inordinate delay" in resolving his PCR petition justified excusing the exhaustion requirement. (*See* ECF No. 18.)

On June 24, 2025, the Court issued a Memorandum Opinion and Order finding that the Petition was unexhausted and that exhaustion was not excused. (ECF Nos. 23-24.) The Court dismissed the Petition without prejudice as unexhausted but administratively terminated the case to permit Petitioner to file a motion to reopen and stay the Petition. (*See id.*)

On or about July 3, 2025, Petitioner timely filed a motion to reopen and stay the Petition, which Respondents opposed on the basis that the Petition was unexhausted.[2] (ECF Nos. 24-25.) Shortly thereafter, Petitioner submitted a motion asking this Court to direct Respondents to refer

---

[2] Respondents do not address whether the Petition should be stayed rather than dismissed without prejudice under *Rhines v. Weber*, 544 U.S. 269 (2005).

to Petitioner by his religious name.[3]  (ECF No. 26.)  On or about October 16, 2025, Petitioner submitted a motion to compel judgment on the motion to reopen and stay the Petition (ECF No. 27), and, on November 13, 2025, he submitted a motion for discovery and production of unspecified documents in connection with his habeas claims.  (ECF No. 28.)

On November 12, 2025, Petitioner submitted an Amended Petition, which appears to amend the Original Petition only to clarify that his claims are now exhausted.  (ECF No. 29.) Indeed, on July 10, 2025, the Appellate Division affirmed the denial of his petition for postconviction relief, *State v. Peek*, No. A-3594-22, 2025 WL 1900953, at *6 (N.J. Super. App. Div. Jul. 10 2025), and on October 31, 2025, the Supreme Court of New Jersey denied certification. *State v. Peek*, 262 N.J. 99 (2025).

Because the Petition appears exhausted, the Court directs the Clerk of the Court to reopen this matter.  The Court also treats Petitioner's Original Petition as a protective petition and finds that the limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is tolled from from February 1, 2024 onward.[4]

The Court has reviewed the Amended Petition under Rule 4 and finds that dismissal prior to the answer is not warranted.  The Court directs Respondents to file their answer and permits Petitioner to file a reply brief by the deadlines set forth in the Order accompanying this Memorandum Opinion.  Petitioner's motions to compel judgment and for an order to show cause are denied as moot.

---

[3] Respondents' opposition brief refers to "Petitioner" but uses Petitioner's former last name, "Peek" in the caption.

[4] To be clear, the Court does not determine whether the Original Petition was filed within the one-year limitations period for federal habeas petitions but finds that the filing of the Petition on February 1, 2024, stopped the running of the limitations period.

The Court also denies without prejudice Petitioner's motion for discovery. Respondents have not yet answered the Amended Petition, and Petitioner has not specified what discovery or documents he is seeking or why he requires them. Moreover, habeas review of state court convictions is typically limited to the record before the state court, *see Cullen v. Pinholster*, 563 U.S. 170, 182 (2011), and there is no indication that discovery is warranted in this matter.

Finally, the Court grants in part Petitioner's motion asking the Court to direct Respondents to use his religious name. A defendants has a First Amendment right to legal recognition of his religious name. *See, e.g., In the Matter of Jackson*, 177 N.J. Super. 591, 593, 427 A.2d 139 (Law Div.1981) (permitting a prison inmate to take an Islamic name, based on First Amendment principles and "the general rule that a person may call himself by whatever name he desires except for fraudulent or criminal purposes"). This right is not absolute, however, and a prisoner's use of his religious name alongside his committed name is "an appropriate accommodation of the competing interests of the inmate and the prison." *Ali v. Stickman*, 206 F. App'x 184, 186 (3d Cir. 2006); *see also United States v. Baker*, 415 F.3d 1273, 1274 (11th Cir. 2005).

Here, the Court takes judicial notice of fact that Petitioner was convicted under the name Marlon Peek but has legally changed his name to Malik Uhuru Mugabe. (*See* ECF No. 26, Exhibit A.) That new legal name is listed on the docket in his federal criminal case, his habeas case brought under 28 U.S.C. § 2255, and this habeas case brought under 28 U.S.C. § 2254. Furthermore, the Bureau of Prisons ("BOP") at Fort Dix FCI, where Petitioner is incarcerated, lists his committed name as Marlon Peek and his religious name as his alias. (*See* ECF No. 15-609, ECF No. 158-1, Exhibit A.) Petitioner also challenged the BOP's continued use of his committed name in his federal criminal case, but District Court found that the BOP satisfied its

obligation by legally recognizing his religious name alongside his committed name. (*See id.* at ECF Nos. 168-69.) Here, the Court directs Respondents to use Petitioner's legal <u>and</u> committed names in the caption of their filings and when mailing copies of their answer and exhibits to him at the BOP facility where he is confined. The Court otherwise denies Petitioner's motion.[5]

An appropriate Order follows.

ROBERT KIRSCH
United States District Judge

---

[5] To the extent Petitioner is asking the Court to direct the state to change the name on his state court judgment of conviction, "[t]his Court lacks the authority to issue writs of mandamus to compel action by state officials." *In re Ford*, 2025 WL 314106, at *1 (3d Cir. Jan. 28, 2025) (citing *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam)).