**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MALIK UHURU MUGABE, also known as MARLON PEEK,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,**<br><br>**Respondents.** | **Civil Action No. 24-707 (RK)**<br><br>**MEMORANDUM & ORDER** |

This matter is before the Court on Malik Uhuru Mugabe's filing of two motions to disqualify the undersigned (ECF Nos. 37-38), a motion for an evidentiary hearing (ECF No. 41), and a motion to compel a decision on all his cases. (ECF No. 42.) For the reasons explained herein, the motions are denied.

In his motions to disqualify, Mugabe accuses the undersigned of favoritism and racial bias and relies on the disqualification standards codified in 28 U.S.C. § 455(a) and (b) (1) and 28 U.S.C. § 144. Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," while § 455(b) (1) states that a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Section 144 states that a judge must recuse himself when a party "files a timely and sufficient affidavit" that the judge has a personal bias or prejudice against him.

Here, Mugabe has not submitted an affidavit that provides evidence showing that the undersigned favors Respondents or harbors any personal or racial bias against him. Notably,

Mugabe filed his disqualification motions shortly after the Court granted Respondents' requests for an extension of time to file an answer (ECF Nos. 34-35), but "a party's displeasure with legal rulings does not form an adequate basis for recusal." *In re Thornton*, No. 24-1941, 2024 WL 3594361, at *2 (3d Cir. Jul. 31, 2024) (citing *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). Because Mugabe's claims of favoritism and racial bias are wholly unsupported and unfounded, the Court denies his motions to disqualify the undersigned.

The underlying Petition raises ineffective assistance claims against plea counsel in connection with Petitioner's state court conviction for robbery and related offenses. (ECF No. 1, Petition at 5-6.) In his motion for an evidentiary hearing (ECF No. 41), Mugabe alleges that his plea counsel should have argued mitigating factor 12 based on his cooperation with the Union and Somerset County Prosecutor's Offices between December and April 2014 and asks for an evidentiary hearing to resolve what he characterizes as "disputed facts" regarding his alleged cooperation with law enforcement. (*Id.* at 1-3.) Petitioner also appears to seek an evidentiary hearing on his claims that his plea counsel was ineffective for failing to pursue an insanity defense but provides no supporting facts or arguments. (*Id.* at 3.)

Although evidentiary hearings are available in § 2254 proceedings, petitioners face significant procedural hurdles in obtaining one. "Under the habeas statute, a federal district court may not hold an evidentiary hearing if a petitioner 'has failed to develop the factual basis of a claim in State court proceedings.'" 28 U.S.C. § 2254(e)(2). *Fooks v. Superintendent, Smithfield SCI*, 96 F.4th 595, 597 (3d Cir. 2024); *Palmer v. Hendricks*, 592 F.3d 386, 392 (3d Cir. 2010) ("a habeas court is barred from holding an evidentiary hearing unless the petitioner was diligent in his attempt to develop a factual basis for his claim in the state court."); *see also Williams v. Taylor*, 529 U.S. 420, 435 (2000). In *Cullen v. Pinholster*, the Supreme Court further limited access to

federal evidentiary hearings and held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 563 U.S. 170, 181 (2011). Therefore, as a general matter "district courts cannot conduct evidentiary hearings to supplement the existing state court record under 28 U.S.C. § 2254(d)." *Brown v. Wenerowicz*, 663 F.3d 619, 629 (3d Cir. 2011). There is a narrow "exception" where "the state court has denied the petitioner a hearing because it thought that he would lose even if his allegations were presumed true. In that case, *Pinholster's* bar does not apply if that ruling was unreasonable as a matter of clear federal law." *Fooks*, 96 F.4th at 597–98 (emphasis supplied).

In his PCR brief, Petitioner argued the following with respect to his counsel's failure to argue mitigating factor 12:

> In this case, trial counsel was ineffective by failing to persuade the court to apply any mitigating factors defendant's sentence. Defendant's plea and willingness to cooperate with the police and court system avoided the trauma, time and cost of a trial and clearly illustrated defendant's acceptance and respect for law enforcement. This warrants the application of at least mitigating factor 12 to petitioner's sentence and warrants at least, counsel attempting to persuade the court that this factor should be considered.

(ECF No. 39-4 at 12.) At the PCR motion hearing, Petitioner stated on the record that he assisted the Somerset and Union County Prosecutors' Offices in an ongoing case and that his plea counsel was aware of this assistance, and the PCR court responded that it would take his statement into consideration. (ECF No. 39-2 at 10-11.) It appears that Petitioner provided no supporting evidence other than his statement at the PCR motion hearing.

Ultimately, the PCR court found that Petitioner did not put forward sufficient evidence that he assisted law enforcement or that his assistance would have resulted in a lower sentence. (ECF No. 39-7 at 10-11.) Likewise, the PCR court found that Petitioner did not provide sufficient evidence that he was insane at the time of the crimes, that he requested a psychological exam and

his counsel refused to provide it, or that the psychological exam would have affected the outcome of the plea process. (ECF No. 39-7 at 9-11.)

The Appellate Division affirmed the PCR court on both issues. It held that plea counsel was not ineffective for failure to argue mitigating factor 12, finding that "counsel's representation was not deficient for failing to argue a non-existent mitigating factor." *State v. Peek*, No. A-3594-22, 2025 WL 1900953, at *5-6 (N.J. Super. A.D. Jul. 10, 2025). The Appellate Division further held that Petitioner failed to establish a prima facie case that his plea counsel was deficient for failing to investigate or pursue an insanity defense or that the failure to pursue this defense allowed Petitioner to take a plea he otherwise would not have accepted. *Id.* at *5. Here, Mugabe has not met the requirements for an evidentiary hearing because has not shown that that he diligently attempted to develop a factual basis for his claims or that the Appellate Division's rulings were unreasonable as a matter of clear federal law. Therefore, an evidentiary hearing is barred by *Pinholster*, and his motion is denied on that basis.

The Court also denies Mugabe's motion for a final ruling in his habeas case (ECF No. 42), which will be decided in due course. To the extent he asks this Court to rule on other cases in this District over which the undersigned does not preside, that request is also denied.

**IT IS**, therefore, on this 17th day of November 2026,

**ORDERED** that Peek's motions to disqualify the undersigned (ECF Nos. 37-38) are DENIED as meritless; and it is further

**ORDERED** that the motion for an evidentiary hearing (ECF No. 41) is DENIED for the reasons stated in this Memorandum & Order; and it is further

**ORDERED** that Petitioner's request for a final ruling (ECF No. 42) is DENIED as this matter shall be decided in due course; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Petitioner at the address on file.

ROBERT KIRSCH
United States District Judge